IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

NICHOLAS P. BURRIS                                                                                    PLAINTIFF

V.                                          CIVIL NO. 1:13-cv-01007

HAM SINGLETON;
MARK KLAPPENBACH;
and JEFF ROGERS                                                                                    DEFENDANTS


**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Nicholas Burris filed this case *pro se* pursuant to 42 U.S.C. § 1983 on January 15, 2013.  ECF No. 1.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

**I.     BACKGROUND**

At the time he filed his Complaint, Plaintiff was an inmate of the Union County Detention Center ("UCDC") in El Dorado, Arkansas.  Plaintiff's address of record indicates he is no longer incarcerated.

In Plaintiff's Complaint, he names Judge Ham Singleton, Public Defender Mark Klappenbach, and Prosecuting Attorney Jeff Rogers as Defendants.  ECF No. 1, p. 3.  Plaintiff alleges Judge Singleton changed his charge and pled his case for him.  Plaintiff also alleges

Klappenbach did not review his case and wanted him to sign "for some time and mess up [his] case." Finally, Plaintiff alleges Rogers changed his charge from false imprisonment to kidnapping. ECF No. 1, p. 4.

Additionally, Plaintiff submitted an incomplete *in forma pauperis* ("IFP") application along with his Complaint on January 15, 2013. Accordingly, on January 15, 2013, the Court ordered Plaintiff to submit a completed IFP application by February 4, 2013. ECF No. 3. Plaintiff failed to do so. On May 7, 2013, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to comply with the Court's January 15, 2013 Order and submit a completed IFP application. ECF No. 5. This Order was sent to Plaintiff at the UCDC. It was returned as undeliverable mail. Upon its own research, the Court located the home address Plaintiff provided the UCDC when he was booked. On May 22, 2013, the Court resent the Order to Show Cause to Plaintiff's home address. ECF No. 6  Plaintiff failed to respond and the Order was not returned as undeliverable mail.

## II.  APPLICABLE LAW

In reviewing Plaintiff's IFP Motion, there is a two step process followed by the Court: (1) determine whether Plaintiff's economic status satisfies section 1915(a) requirements and, if it does, grant the Motion; unless (2) the Court determines the cause of action stated in Plaintiff's Complaint is frivolous or malicious. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). If the causes of action stated in the Complaint are frivolous or malicious, the Complaint must be dismissed. *Id*. Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

## III.  DISCUSSION

The Plaintiff failed to submitted a complete IFP application. Therefore, the Court will not grant Plaintiff IFP status. Furthermore, Plaintiff has failed to state a claim in his Complaint upon which relief may be granted.

### A.  Judge Singleton

Judges are generally immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994) (judges are generally immune from suit for money damages); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability."). Judicial immunity is only overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction") (internal citations omitted).

Plaintiff has failed to allege any action by Judge Singleton that was nonjudicial or taken without jurisdiction. Accordingly, Judge Singleton is immune from suit.

B.     Public Defender Klappenbach

Public Defender Klapenback is not subject to suit under § 1983.  A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir.1999).  Klappenbach was not acting under color of state law while representing Plaintiff in his criminal proceeding.  *Polk County v. Dodson,* 454 U.S. 312, 324 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings.").  Accordingly, Plaintiff has failed to state cognizable claim under section 1983 against Klappenbach.

C.     Prosecutor Jeff Rogers

Prosecuting attorney Jeff Rogers is also immune from suit.  In *Imbeler v. Pachtman,* the United States Supreme Court established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."  424 U.S. 409, 431 (1976).  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430.  *See also Buckley v. Fitzsimmons,* 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).  Plaintiff failed to allege any claim that Roger acted outside of initiating a prosecution and presenting the State's case against him.  Plaintiff's claim that Roger changed his charge from false imprisonment to kidnaping does not indicate Roger should be stripped of his absolute immunity.  *See Anderson v. Larson,* 327 F.3d 762, 769 (8th Cir. 2003) ("The decisions relating to the initiation and dismissal of cases are at the very heart of a prosecutor's function as an advocate for the state, and absolute immunity thus attaches to those

decisions.") (quoting *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1268 (8th Cir. 1996)).

To the extent the complaint seeks injunctive relief against Rogers, I find the claim is not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, a Plaintiff must show serious risk of irreparable harm. *See Pulliam v. Allen,* 466 U.S. 522, 538 (1984). Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*; *see also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir.1975). Plaintiff has not alleged he exhausted his state remedies regarding his criminal conviction. Therefore, Plaintiff has not stated a cognizable claim for injunctive relief under section 1983.

      D.    *Heck*

Additionally, Plaintiff's claims challenge his charges and conviction. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. at 486–87. Plaintiff did not make any allegations that his criminal conviction has been overturned. A section 1983 claim that would necessarily imply the invalidity of a conviction is premature. *Id.* Thus, Plaintiff's claims regarding the illegality of his charges and conviction are not cognizable claims under section 1983.

      E.    *Habeas*

Moreover, Plaintiff may not use the civil rights statutes as substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement

5

and/or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).

Accordingly, Plaintiff's has failed to state a cognizable claim under section 1983 and his Complaint should be dismissed.

### III.   CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's Complaint (ECF No. 1) be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). Therefore, I recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **20th day of June 2013.**

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE